### CHAMPION SPARK PLUG CO. v. SANDERS et al.

### No. 3767.

District Court, E. D. New York.

Nov. 29, 1945.

See, also, 61 F.Supp. 247.

Wilber Owen, Carl F. Schaffer, and Owen & Owen, all of Toledo, Ohio (Joshua Ward and Ward, Crosby & Neal, all of New York City, of counsel), for plaintiff.

John Wilson Hood, of New York City, for defendants.

BYERS, District Judge.

This is a defendants' motion for leave to move for a "partial new trial" and for leave to introduce additional evidence, and to reargue, all pursuant to Rule 59(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, returnable October 31, 1945, the decree having been filed September 1, 1945. The motion was submitted November 13th.

The so-called newly discovered evidence is to the effect that the plaintiff's trade-mark "Champion" was illegally registered by the United States Patent Office. This case has been pending too long for the court to be impressed by the statement that this is new evidence which could not have been offered at final hearing if any degree of diligence whatever had been brought to bear. Incidentally, the validity of the trade-mark seems to have been necessarily involved in the case of Champion Spark Plug Co. v. Champion, D.C., 1938, 23 F. Supp. 638.

More important on the merits, however, is the consideration that registration of a trade-mark is a mere formality; validity and registerability are not synonymous. Whether these defendants have the right to employ plaintiff's trade-mark under the circumstances shown does not depend upon whether it was properly registered.

The other matters advanced are either argumentative, i. e., that the decision was erroneous, or stale, i. e., that sound public policy requires that the plaintiff should be denied relief because its position in the industry is one of great prominence and the defendant is being deprived of an opportunity to sell second-hand spark plugs of the plaintiff's original manufacture which of necessity no longer possess the dimensions or characteristics imparted to them by plaintiff, unless the defendants are permitted to retain on the repaired plugs, the name and type numbers which proclaim adherence to the plaintiff's specifications. So much is not new.

If the court has mistaken the legal principles which should govern the decision of this controversy, the remedy lies in appeal.

The affidavit which asserts that one Elkins has been unable to remove the trade-mark and type numbers from the porcelain of the plugs without injuriously affecting the latter, in no wise discredits the plaintiff's evidence on that subject at final hearing. No attempt was made to contradict or refute that evidence.

Motion denied. Settle order.